21-6076
Singh v. Garland

BIA
Christensen, IJ
A208 374 248

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

SARABJIT SINGH,
> *Petitioner,*

v.                                                               21-6076
                                                                 NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Deepti Vithal, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Corey L. Farrell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Sarabjit Singh, a native and citizen of India, seeks review of a January 26, 2021 decision of the BIA affirming a May 8, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sarabjit Singh*, No. A 208 374 248 (B.I.A. Jan. 26, 2021), *aff'g* No. A 208 374 248 (Immigr. Ct. N.Y.C. May 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be

2

compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination "under the substantial evidence standard").

The IJ may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."   8 U.S.C. § 1158(b)(1)(B)(iii).   "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."   *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.   "Where the IJ's adverse credibility finding is based on specific examples of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude

that a reasonable adjudicator was compelled to find otherwise." *Xiu Xia Lin*, 534 F.3d at 166 (cleaned up). "Even where the agency relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential." *Hong Fei Gao*, 891 F.3d at 77 (quotation marks omitted). "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quotation marks omitted).

Singh claimed that members of the Bharatiya Janata Party and Akali Dal Badal parties attacked him in February and April 2015 and threatened to kill him if he did not leave the Shiromani Akali Dal Amritsar party ("Mann Party" or "SADA"). Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies between Singh's statements in his affidavit and his hearing testimony, as well as his failure to corroborate his medical treatment, the fact that he omitted discussion of his medical treatment in his affidavit, the fact that his father omitted it in his letter, and the contradiction

4

between Singh's testimony and a letter from a Mann Party official. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

First, Singh made inconsistent statements about his interaction with the police after alleged attacks by rival party members in February 2015. His affidavit says that the "[p]olice inspector asked his constable to push me out of the police station" and the "[p]olice inspector and constable were very rough and aloof with me." In contrast, he testified about three, not two officers and that he did not know the ranks of the officers who threw him out of the station. He explained that he did not know the ranks of the officers, but that they wore the uniforms of regular policemen. Singh argues that this was not a discrepancy, and that the IJ improperly relied on word usage. This explanation is plausible, but so too is the IJ's contrary conclusion. We thus defer to the IJ's choice between two permissible views of the evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) (holding that we defer to the factfinder "[w]here there are two permissible views of the evidence" even where a "contrary inference" would be "more plausible or more natural" (quotation marks omitted)).

Moreover, other inconsistencies and omissions bolster the adverse credibility determination. Singh testified that he went to the village doctor after

the first attack because he had scratches and internal injuries, and the doctor gave him balm and medication; then, after the second attack, he again went to the village doctor and received balms and medications. His affidavit, however, does not mention treatment by a doctor at all, and his father's letter says "[m]y wife treated him with home remedies after . . . both harms." The IJ reasonably relied on these discrepancies. Although omissions are generally less probative than inconsistencies, the affidavit identified injuries and other actions taken after the attack, so it would have been natural to mention medical treatment obtained between the attack and going to the police. And Singh's father's letter not only omitted treatment by a doctor but inconsistently stated that Singh's mother treated him. *See Hong Fei Gao*, 891 F.3d at 78-79 (holding that omissions are generally less probative than direct inconsistencies but that the probative value of omissions turns on whether those "facts are ones the witness would reasonably have been expected to disclose").

Moreover, because Singh's credibility was in question as to his alleged medical treatment, the IJ reasonably relied on the absence of corroborating medical documentation. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an

applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Singh's father's letter did not corroborate either the medial treatment or Singh's explanation that his father had tried to obtain medical evidence, but the doctor did not keep records.

In addition, Singh testified that no one else in his family had problems with the local administration or rival political groups; but he submitted a supporting letter from a Mann Party official that states, "Due to his involvement in our party activities [Singh] and his family had problems with local administration and other political groups. So, [] Singh was forced to flee the country." Singh argues that the agency should not have relied on this letter because he submitted it to show the treatment of Sikhs and Mann Party members, not to document his own claim. In *Amardeep Singh v. Garland*, an IJ discredited the petitioner partially because a letter from a Mann Party official *omitted* the fact that the petitioner had visited the party official. 6 F.4th 418, 429 (2d Cir. 2021). We found agency error because the purpose of the letter "was to report on the brutal treatment that Sikhs and members of SADA receive in India," and the party official "was not in a position to attest to the veracity of [the petitioner's] account of his beatings, and did not

7

undertake to do so." *Id*. But *Amardeep Singh* addressed a letter that did not purport to document the petitioner's personal claim; in contrast, here—while the letter talks about the general mistreatment of party members—the letter is specific to Singh, discusses his father's membership in the party, and states that Singh *and his family* had problems with rival parties, thereby directly contradicting Singh's testimony that he was the only member of his family to have problems with the local administration and political groups.

In sum, in light of the various inconsistencies and omissions, the record does not compel a conclusion contrary to the agency's decision. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT protection because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8